IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WALTER THOMAS DALTON, et al. | ) | |
| | ) | |
| v. | ) | No. 3:05-0004 |
| | ) | JUDGE CAMPBELL |
| ROBERT TARVER, et al. | ) | |

MEMORANDUM

Pending before the Court is Motion for Summary Judgment (Docket No. 43) filed by Koch Foods of Cumming, LLC ("Koch Foods") to which no response has been filed. For the reasons stated herein, the Motion is GRANTED.

FACTS

The record before the Court indicates that Koch Foods is a food distribution company that distributes products nationwide and has its principal place of business in Duluth, Georgia (Docket No. 44 at 1, Docket No. 27 at 3). On May 24, 2004, Plaintiffs Walter Thomas Dalton and his brother, Calvin Eugene Dalton, both residents of Davidson County, Tennessee, were involved in a traffic accident on Interstate 65 in Davidson County, Tennessee (Docket No. 27 at 2-4). A tractor trailer truck driven by Defendant Robert Tarver a/k/a/ Robert Tarver, Jr. ("Tarver"), a resident of Birmingham, Alabama, struck the rear of the Dalton's stalled vehicle (Docket No. 27 at 2-4). As a result of the accident, Plaintiff Calvin Eugene Dalton died, and Plaintiff Walter Thomas Dalton sustained serious injury (Docket No. 27 at 3-4). At the time of the accident, Tarver was transporting products belonging to Koch Foods (Docket No. 43 at 2).

Plaintiffs Walter Thomas Dalton and Eugene Dalton and Mary D. Dalton, as co-personal representatives of the Estate of Calvin Eugene Dalton, deceased ("Plaintiffs"), have filed a complaint against Tarver alleging, among other things, common law acts of negligence. In

addition to the allegations against Tarver, Plaintiffs also have alleged that Tarver's alleged negligence is attributable to Defendant Koch Foods based upon the doctrine of respondeat superior or agency (Docket No. 27 at 5).

Defendant Koch Foods has filed a motion for summary judgment arguing that it is not liable to Plaintiffs under the theory of respondeat superior because Tarver was acting as an independent contractor and not an agent when transporting product for Koch Foods.

## SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. Hopson, 306 F.3d at 432.

2

ANALYSIS

Under Tennessee law, the doctrine of respondeat superior allows a principal to be held liable for the negligent acts of its agents. Johnson v. LeBonheur Children's Medical Center, et al., 74 S.W. 3d 338, 346 (Tenn. 2002). To hold a master/principal vicariously liable, it is enough that the servant or agent was acting in the business of his superior and within the scope of his employment when the injury occurred. Id. See also, Russell v. City of Memphis, 106 S.W. 3d 655, 657 (Tenn. Ct. App. 2002); Tennessee Farmers Mut. Ins. Co. v. American Mut. Liab. Ins. Co., 840 S.W. 2d 933, 937 (Tenn. Ct. App. 1992). The doctrine of respondeat superior is based upon the doctrine that the "'wrong of the agent is the wrong of his employer.'" Parker v. Vanderbilt University, 767 S.W. 2d 412, 415 ( Tenn. Ct. App. 1988) (quoting Raines v. Mercer, 165 Tenn. 415, 420, 55 S.W. 2d 263, 264 (1932), overruled on other grounds by Childress v. Childress, 569 S.W. 2d 816 (Tenn. 1978)).

Whether an agency relationship exists is a question of fact under the circumstances of a particular case and is determined by many factors, including the agreement among the parties or by the parties' actions. Johnson, 74 S. W. 3d at 343. The Tennessee Supreme Court has held that the following factors are relevant to a determination of whether a person is an agent or merely an independent contractor: 1) the right to control the conduct of the work; 2) the right of termination; 3) the method of payment; 4) the freedom to select and hire helpers; 5) the furnishings of tools and equipment; 6) the self-scheduling of work hours; and 7) the freedom to render services to other entities. Tucker v. Sierra Builders, et al., 2005 WL 1021675 (Tenn. Ct. App. April 29, 2005); Beare Co. v. State, 814 S.W. 2d 715, 781 (Tenn. 1991).

3

In support of its motion, Defendant Koch Foods argues that Tarver was acting as an independent contractor and not an employee or agent when transporting Koch Foods' product.

The undisputed facts are that over 70% of all Koch Foods' products are transported using independent contractors (Docket No. 45 at 2).[1] The undisputed facts also indicate that on May 24, 2004, Koch Foods contacted shipping broker, K & D Transportation, Inc ("K&D"), to solicit an independent contractor to transport Koch Foods' products (Docket No. 45 at 2). An independent contractor agreed to transport Koch Foods' product, and while in transport, the independent contractor's tractor became disabled (Docket No. 45 at 2). K & D solicited another independent contractor, Tarver, to transport Koch Foods' product (Docket No. 45 at 2). At no time did Tarver ever enter the Koch Foods' facility in Cumming, and Koch Foods had no direct or indirect knowledge that Tarver was transporting its product (Docket No. 45 at 2-3). While in transport, Tarver was involved in the accident at issue in this case (Docket No. 45 at 3). At no time has Tarver ever been an employee of Koch Foods (Docket No. 45 at 3). In addition, at no time during the transport of the Koch Foods' product did Tarver and Koch Foods have any communication (Docket No. 45 at 3). Furthermore, Koch Foods did not have any control over the method and means of the transportation of its product, and was not even informed of the accident until this lawsuit was filed (Docket No. 45 at 3).

Given the facts before the Court, the Court finds that Tarver was not acting as Koch Foods' agent at the time of the subject accident. The doctrine of respondeat superior does not act in this case to allow Koch Foods to be held liable for the allegedly negligent acts of Tarver.

---

[1] Plaintiffs have failed to respond to Koch Foods' statement of material facts. Such failure to respond indicates that Koch Foods' asserted facts are not disputed for purposes of summary judgement. Local Rule 8(b)((7)(g).

Accordingly, Koch Foods' Motion for Summary Judgment (Docket No. 43) is GRANTED.

IT IS SO ORDERED.

*[signature: Todd Campbell]*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

5